70 P.3d 978 (2003)
117 Wash.App. 286
LAND TITLE OF WALLA WALLA, INC., Appellant,
v.
Karen MARTIN, Auditor of Walla Walla County, Respondent.
No. 21312-9-III.
Court of Appeals of Washington, Division 3, Panel Nine.
June 19, 2003.
Jerry M. Makus, Walla Walla, for Appellant.
Keith Hilde, Deputy Prosecuting Attorney, Walla Walla, for Respondent.
*979 KURTZ, J.
After recording a document, an auditor is instructed to "electronically transmit or deliver it, upon request, to the party leaving the same for record or to the address on the face of the document." RCW 65.04.090. This appeal concerns a dispute between a county auditor and a title company regarding the meaning of this instruction. When a document is left with the auditor for recording, does RCW 65.04.090 obligate the auditor, if requested, to deliver it to the party whose address appears on the face of the document? Or, does the statute grant the auditor the discretion to return the recorded document to the title company? We hold that RCW 65.04.090 requires the auditor, if requested, to deliver the recorded instrument to the address that appears on the face of the document. Therefore, we reverse and remand with instructions to issue the writ, ordering the auditor to comply with this nondiscretionary, statutory duty.

FACTS
Land Title of Walla Walla, Inc. sought a writ of mandamus against the Walla Walla County Auditor, Karen Martin. In support of the petition for the writ, Phil Wasser, the President of Land Title, stated that on several occasions after January 1, 2002, his employees delivered instruments to the Walla Walla County Auditor for recording. On each instrument, there appeared a name and address for returning the instruments after recording. Despite Land Title's request that these instruments be mailed to the designated addresses, the auditor retained the instruments and eventually returned them to Land Title.
In its petition, Land Title argued that Ms. Martin was required to deliver or mail the instruments to the designated address after recording. Land Title based its argument generally upon the statutory scheme in chapter 65.04 RCW, and particularly on RCW 65.04.090. The trial court denied the petition. The court reasoned that RCW 65.04.090 provides a county auditor with the discretion to return the recorded instrument to the title company, or to deliver or mail the instrument to the designated addresses.
Land Title appeals.

ANALYSIS
This appeal presents the question of whether the superior court should have issued a writ of mandamus based upon its interpretation of RCW 65.04.090. This determination involves a question of law and the standard of review on appeal is de novo. Hertog v. City of Seattle, 138 Wash.2d 265, 275, 979 P.2d 400 (1999).
A writ of mandamus is "issued by a superior court to compel ... a government officer to perform mandatory or purely ministerial duties correctly." BLACK'S LAW DICTIONARY 973 (7th ed.1999). Mandamus is an appropriate action to compel a state official to comply with a law when the claim is clear and a duty to act exists. Walker v. Munro, 124 Wash.2d 402, 408, 879 P.2d 920 (1994). On the other hand, the action of mandamus is not proper to compel a discretionary act. State ex rel. Burlington N., Inc. v. Wash. Utils. & Transp. Comm'n, 93 Wash.2d 398, 410, 609 P.2d 1375 (1980). Stated differently, the act of mandamus compels performance of a duty, but cannot lie to control discretion. Benedict v. Bd. of Police Pension Fund Comm'rs, 35 Wash.2d 465, 475, 214 P.2d 171 (1950) (citing Adams v. City of Seattle, 31 Wash.2d 147, 151, 195 P.2d 634 (1948)).
The duties of the county auditor are set forth in chapter 65.04 RCW. Upon the payment of the proper filing fee, the auditor must record certain instruments under RCW 65.04.030. RCW 65.04.045(1) sets forth the requirements for the first page of the instruments to be recorded. Specifically, RCW 65.04.045(1)(b) requires: "The top left-hand side of the page shall contain the name and address to whom the instrument will be returned." The statute also provides that the wording on the first page of the instrument should state, "When Recorded Return to:" with a blank line left after that phrase. RCW 65.04.045(2).
RCW 65.04.090 addresses the duty of the auditor after recording an instrument:

*980 The recording officer must also endorse upon such an instrument, paper, or notice, the time when and the book and page in which it is recorded, and must thereafter electronically transmit or deliver it, upon request, to the party leaving the same for record or to the address on the face of the document.
The central dispute in this case is the interpretation of the portion of this statute that reads, "and must thereafter electronically transmit or deliver it, upon request, to the party leaving the same for record or to the address on the face of the document." Land Title contends that this section requires the auditor to deliver, mail, or somehow return the instrument to the address listed on the first page of the instrument. Ms. Martin, on the other hand, argues that this provision gives her the discretion to return the instruments to the party who left it or to mail the instruments to the address designated.
The goal of statutory construction is to give effect to the intent of the legislature. Kadoranian v. Bellingham Police Dep't, 119 Wash.2d 178, 185, 829 P.2d 1061 (1992). If a statute is clear on its face, however, it is not subject to judicial interpretation. In re Marriage of Kovacs, 121 Wash.2d 795, 804, 854 P.2d 629 (1993). However, if the plain meaning inquiry shows the existence of an ambiguity, this court may construe the meaning of the statute with the aid of other sources of interpretation, such as legislative history. Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 10-11, 43 P.3d 4 (2002).
In this case, each party argued a different interpretation of the statute's requirement relating to the return of the document. The court concluded that because "upon request" modified the method of returning the instrument, the statute provides Ms. Martin with the discretion to choose whether she will mail the instrument to the address on the front page of the instrument, or whether to return the document to the party leaving the document for recording.
In context, the meaning of "upon request" is not clear. For that reason, we must look to its legislative history. The predecessor statute stated:
He must also endorse upon such instrument, paper or notice, the time when and the book and page in which it is recorded, and must thereafter deliver it, upon request, to the party leaving the same for record, or to his order.
Former RCW 65.04.090 (1881), which was changed by Laws of 1996, ch. 229, § 5. It is apparent from reviewing the earlier version of the statute that "upon request" does not modify the method of return, since no alternative method is provided. Rather, by the terms of the former statute, the request of the party submitting the instrument triggered the nondiscretionary duty of the auditor to return the instrument by the method the submitting party requested. In 1996, the legislature amended the statute in order to include the method of electronically transmitting the instrument and to limit the return options available to the person submitting the instrument. Regardless, our review of RCW 65.04.090 and its predecessor shows that the phrase "upon request" does not modify the method of returning the instrument. The trial court erred as a matter of law in determining RCW 65.04.090 does not require the auditor, if requested, to deliver the recorded document to the address appearing on the face of the document.
We reverse and remand with instructions to issue the writ, ordering the auditor to comply with this nondiscretionary, statutory duty.
KATO, A.C.J., and SWEENEY, J., concur.