FILED
COURT OF APPEALS
DIVISION II

2013 MAY 21 AM 10: 10

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| WASHINGTON STATE MEDICAL ASSOCIATION, a Washington nonprofit corporation, and WASHINGTON CHAPTER OF THE AMERICAN COLLEGE OF EMERGENCY PHYSICIANS, a Washington nonprofit corporation,<br><br>     Appellants,<br><br>v.<br><br>MIKE KREIDLER, Washington State Insurance Commissioner,<br><br>     Respondent. | No. 43341-9-II<br><br><br><br><br><br>UNPUBLISHED OPINION |

JOHANSON, A.C.J. — The Washington State Medical Association (the WSMA) and the Washington Chapter of the American College of Emergency Physicians (the WA-ACEP) sought declaratory relief and a writ of mandamus to compel the Washington State Insurance Commissioner Mike Kreidler (Commissioner) to enforce RCW 48.43.093. The WSMA[1] appeals the superior court's dismissal order for failure to join a necessary party and its denial of a writ of mandamus. We affirm because dismissal was appropriate in the absence of a health carrier as a necessary party and the writ's denial was proper.

---

[1] We collectively refer to the WSMA and the WA-ACEP as the WSMA.

No. 43341-9-II

# FACTS

The WSMA is a professional trade association that represents more than 9,800 Washington physicians and physician assistants and advocates on their behalf. The WA-ACEP is the leading advocate for emergency room physicians, representing more than 620 physicians.

In December 2010, the WSMA brought an action against the Commissioner invoking the Supreme Court's original jurisdiction.[2] The WSMA's complaint sought a writ of mandamus[3] to compel the Commissioner to enforce its interpretation of RCW 48.43.093,[4] to require health carriers to pay noncontracted or nonparticipating providers for the emergency medical services provided to policyholders in the amount billed. This statute says that health carriers "shall cover" emergency services provided by noncontract providers, but the WSMA argued that the Commissioner has inconsistently enforced the statute and had recently begun enforcing it incorrectly. RCW 48.43.093(1)(a); Clerk's Papers (CP) at 5. The Commissioner responded that

---

[2] Article IV, section 4 of the Washington Constitution.

[3] The WSMA first sought only a writ of mandamus from the Supreme Court. After the Supreme Court dismissed and remanded the action to the superior court, WSMA added the declaratory judgment claim in its amended complaint before the superior court.

[4] RCW 48.43.093(1) provides, in part:
> When conducting a review of the necessity and appropriateness of emergency services or making a benefit determination for emergency services:
> (a) A health carrier shall cover emergency services necessary to screen and stabilize a covered person if a prudent layperson acting reasonably would have believed that an emergency medical condition existed. . . . With respect to care obtained from a nonparticipating hospital emergency department, a health carrier shall cover emergency services necessary to screen and stabilize a covered person if a prudent layperson would have reasonably believed that use of a participating hospital emergency department would result in a delay that would worsen the emergency, or if a provision of federal, state, or local law requires the use of a specific provider or facility.

2

the dispute was not whether health carriers should cover such services, but how much providers should be paid, a subject the statute does not explicitly cover.

The Supreme Court denied the WSMA's motion for accelerated review. The Supreme Court transferred the action to superior court for determination on the merits, ruling that there was no emergency that would require the Supreme Court to decide the case in the first instance.

The WSMA filed its amended complaint in the superior court and added a claim under the Uniform Declaratory Judgments Act (UDJA). Ch. 7.24 RCW. The WSMA requested that the superior court (1) issue a writ of mandamus requiring the Commissioner to enforce RCW 48.43.093 consistent with the WSMA's interpretation; (2) declare that the statute requires insurers to pay billed charges for emergency services consistent with its interpretation; and (3) award attorney fees, costs, and any other necessary and proper relief. The Commissioner moved to dismiss for lack of jurisdiction on the grounds that the WSMA's amended complaint failed to (1) identify a ministerial duty over which the court had jurisdiction to issue a writ of mandamus, (2) join the health carriers who are necessary parties to the UDJA claim, and (3) state a justiciable claim against the Commissioner under the UDJA.

In response, the WSMA argued that the dismissal motion should be treated as a summary judgment motion. The WSMA also argued that the superior court should grant summary judgment in its favor and issue a writ of mandamus, argued the merits of its statutory interpretation claim, and argued that (1) no additional parties needed to be joined; (2) there was a justiciable controversy between the WSMA and the Commissioner; (3) it had standing to bring its declaratory judgment claim; and (4) its declaratory judgment claim sought only interpretation, not enforcement.

No. 43341-9-II

Because the superior court considered matters outside the pleadings, it treated the motion as one for summary judgment. It concluded that the WSMA had failed to join a health carrier as a necessary party and that the court therefore lacked subject matter jurisdiction to issue a declaratory judgment.[5] The superior court also determined it could not issue a writ of mandamus. The superior court's oral ruling provided

> Since I don't have jurisdiction to declare what the law means, then I am in exactly the same posture as the Supreme Court was as far as mandamus. I cannot issue mandamus, because all that remains is a general request that the commissioner enforce the law. And without the specific law and the specific declaration in hand, the mandamus must be dismissed as well.

---

[5] The superior court's order provided:

> THIS MATTER came before the Court on Washington State Insurance Commissioner Mike Kreidler's Motion to Dismiss. Because matters outside the pleading were presented to and not excluded by the Court, the Court treats this motion as a CR 56 motion. The Court has considered the papers filed by the parties and arguments of counsel. ~~Even taking the allegations in the Amended Complaint as true for the purposes of this motion,~~ The Court finds that Washington State Medical Association (WSMA) has failed to join a health carrier as a party, which is a necessary party for adjudication of ~~identify a non-discretionary duty that is properly the subject of a writ of mandamus. WSMA has also failed to join necessary parties to~~ its request for declaratory relief. ~~Finally, WSMA has failed to state a justiciable claim against the Insurance Commissioner for the purposes of declaratory relief.~~ Therefore, the Court lacks subject matter jurisdiction over Petitioners' declaratory judgment claim. Because the Court lacks jurisdiction to issue a declaration regarding the interpretation of RCW 48.43.093, the Court also is unable to issue the writ of mandamus requested by Petitioners.
>
> Therefore, it is hereby ORDERED that:
> 1. The Respondent State Insurance Commissioner's Motion ~~to Dismiss~~ is GRANTED.
> 2. This matter is hereby DISMISSED ~~with prejudice~~.

CP at 618-19 (strikethroughs in original).

Verbatim Report of Proceedings (VRP) at 24. The superior court dismissed the case without prejudice.

The WSMA appealed directly to the Supreme Court. The Supreme Court transferred the matter to us.

ANALYSIS

I. DECLARATORY JUDGMENT CLAIM

The WSMA asserts that because a health carrier was not a necessary party, the superior court erroneously entered the dismissal order.[6] We disagree.

On an appeal from summary judgment, we engage in the same inquiry as the superior court. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 860, 93 P.3d 108 (2004). Our standard of review is de novo and summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). We construe all facts and reasonable inferences from them in the light most favorable to the nonmoving party. *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005). We review all questions of law de novo. *Berger v. Sonneland*, 144 Wn.2d 91, 103, 26 P.3d 257 (2001).

---

[6] We review the superior court's order under RAP 2.3(b)(1) because the superior court committed obvious error when it found that it did not have subject matter jurisdiction over the declaratory judgment action. Subject matter jurisdiction refers to the authority of a court to act. *ZDI Gaming, Inc. v. Wash. State Gambling Comm.*, 151 Wn. App. 788, 801, 214 P.3d 938 (2009), *aff'd*, 173 Wn.2d 608, 268 P.3d 929 (2012). The superior court has authority to act under the Uniform Declaratory Judgments Act. RCW 7.24.010. But we agree that the absence of necessary parties deprived the superior court of the ability to render a decision on the declaratory action before it.

The superior court may refuse to render a declaratory judgment where such judgment, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding. RCW 7.24.060. In addition, the superior court may dismiss a declaratory judgment action where all persons who have a claim or interest in the court's determination have not been joined. RCW 7.24.110; *Bainbridge Citizens United v. Dep't of Natural Res.*, 147 Wn. App. 365, 371-72, 198 P.3d 1033 (2008) (holding a superior court lacks jurisdiction if all necessary parties are not joined). Under RCW 7.24.110, a party seeking declaratory judgment must join "all persons . . . who have or claim any interest which would be affected by the declaration." A party is necessary if

> (1) [T]he trial court cannot make a complete determination of the controversy without that party's presence,
> (2) the party's ability to protect its interest in the subject matter of the litigation would be impeded by a judgment in the case, and
> (3) judgment in the case necessarily would affect the party's interests.

*Bainbridge*, 147 Wn. App. at 372.

This case is analogous to *Bainbridge*. Bainbridge Citizens United (United), a nonprofit citizens' group, filed a declaratory judgment action against the Department of Natural Resources (DNR), claiming that the DNR failed to enforce its own regulations against trespassers on state-owned aquatic lands. *Bainbridge*, 147 Wn. App. at 367-68. We affirmed summary judgment because the superior court lacked jurisdiction because all necessary parties were not joined and United did not demonstrate that declaratory judgment was proper. *Bainbridge*, 147 Wn. App. at 370.

We held that (1) the superior court could not make a complete determination without vessel owners being joined because the vessel owners were the only individuals who could rebut

6

United's factual allegations or present defenses to United's claims; (2) the vessel owners' ability to protect their interests would have been impeded by a judgment because it would preclude the owners from reaching a settlement or otherwise avoid legal action against them; and (3) judgment for United necessarily affected the vessel owners' interest in property ownership and use. *Bainbridge*, 147 Wn. App. at 373.

Similarly here, the WSMA, a trade association representing the interests of physicians and physician assistants, sought a declaration compelling the Commissioner to enforce the trade association's interpretation of RCW 48.43.093. The WSMA's complaint alleges that the health carriers have stopped paying billed charges for emergency services provided by non-participating providers and instead are only paying charges which the health carriers unilaterally decide to pay. Applying the first prong of the *Bainbridge* test, we agree that the superior court could not make a complete determination of the controversy without a health carrier's presence because only a health carrier could provide evidence to rebut the WSMA's factual allegations concerning health carriers' practices. 147 Wn. App. at 373. These factual allegations regarding health carriers' billing practices can only be explained, rebutted, or defended against by the health carriers themselves, not by the Commissioner.

Second, the health carriers' ability to protect their interests in the subject matter of this litigation would be impeded by a judgment in the case in their absence. *Bainbridge*, 147 Wn. App. at 373. A judgment in the WSMA's favor would require that health carriers pay billed charges; thus the health carriers must be afforded the ability to defend that claim. The superior court explained that, although it was not necessary to join all health carriers, at least one was necessary to represent the many similarly situated health carriers potentially affected by a

declaratory judgment setting their payment obligations. The Commissioner's interests differ from the health carriers' interests thus the Commissioner could not protect the health carriers' interests in the litigation in their absence.

Third, as the WSMA concedes, a declaratory judgment regarding the Commissioner's enforcement of RCW 48.43.093 necessarily would affect health carriers' interests because it would impact payments for emergency room services for all health carriers in the state because the WSMA's declaratory judgment action seeks an order requiring health carriers to pay nonparticipating providers the same amount paid to contracted plan-participating providers. The WSMA acknowledges its interpretation of RCW 48.43.093 "has the potential to affect every health insurer and every person with health insurance in Washington." Br. of Appellant at 16. This effect on the health carriers dictates that a health carrier is a necessary party under the third prong. Accordingly, the facts here meet the *Bainbridge* test. 147 Wn. App. at 373.

The WSMA argues that *Bainbridge* is inapposite because, unlike in that case, the WSMA does not seek a declaration that any insurer violated RCW 48.43.093 or that the Commissioner is required to take specific enforcement action against any insurer. This argument is not persuasive because a declaratory judgment order would have an effect similar to that in *Bainbridge*. We rejected this argument in *Bainbridge*. We explained:

> United argues that the trespassers are not necessary parties because it "has not requested that any action be taken directly against the trespassers on Eagle Harbor, and thus the effects that a judicial determination in this case may have on the trespassing vessel owners is 'speculative and secondary to the issue at hand.'"

*Bainbridge*, 147 Wn. App. at 372 (citation omitted). We held that the argument was disingenuous because, by looking at United's complaint's prayers for relief, it was clear that its

lawsuit's sole purpose was to force DNR to evict, fine, and sue the vessel owners. Similarly here, the WSMA's request for relief make clear that its purpose in bringing this lawsuit was to force the Commissioner to require health carriers to pay more on billed charges provided by non-participating providers than they otherwise are paying.[7]

In a related argument the WSMA next argues that Washington courts have issued declaratory judgments in other cases interpreting various provisions of the insurance code without joining every person to whom the statutes apply. The WSMA relies on *Glasebrook v. Mut. of Omaha Ins. Co.*, 100 Wn. App. 538, 997 P.2d 981 (2000), *Hodge v. Raab*, 151 Wn.2d 351, 88 P.3d 959 (2004), and *Horan v. Marquardt*, 29 Wn. App. 801, 630 P.2d 947 (1981). This argument is not well taken.

Here, the superior court found that the WSMA had failed to "join a health carrier as a party." CP at 623 (emphasis added). The superior court did not state that all persons to whom the statutes apply must be joined as necessary parties. Furthermore, the cases the WSMA relies on are distinguishable. *Glasebrook* and *Hodge* are distinguishable because the petitioners there directly sued the insurance companies they believed violated the statute. *Glasebrook*, 100 Wn. App. at 540; *Hodge*, 151 Wn.2d at 354. These cases did not discuss who was a necessary party.

---

[7] WSMA's request for relief asks that the court
> Declare that RCW 48.43.093 requires insurers to pay billed charges (less coinsurance, copayments, deductibles, and additional reasonable cost-sharing up to a maximum of $50) for emergency services provided by non-participating providers, which are necessary to screen and stabilize a covered person if a prudent layperson would have reasonably believed that use of a participating hospital emergency department would result in a delay that would worsen the emergency, or if a provision of federal, state, or local law requires the use of a specific provider or facility.

CP at 441.

Finally, the WSMA cites *Horan* as a declaratory judgment case decided on the merits without an insurer being a party. 29 Wn. App. 801. *Horan* is distinguishable because the petitioners asked the superior court to determine the validity of administrative regulations, not for an interpretation and enforcement of a statute as the WSMA has asked here. *Horan*, 29 Wn. App. at 802. In *Horan*, we did not discuss necessary parties because the cause of action focused on the Commissioner's authority to promulgate regulations. 29 Wn. App. at 802. Determining the validity of administrative regulations is far different than the statutory interpretation requested here.

We conclude that at least one health carrier was a necessary party because (1) the superior court could not make a complete determination of the controversy without a health carrier's presence to rebut or defend against the WSMA's allegations regarding health carriers' billing practices, (2) health carriers' ability to protect their interests in the statutory interpretation of RCW 48.43.093 would be impeded by a judgment here, and (3) judgment in this case necessarily would affect health carriers' interests. We hold that the superior court properly dismissed the declaratory judgment action because the WSMA failed to join a necessary party.[8]

---

[8] The WSMA asks us to rule on whether the Commissioner's interpretation of RCW 48.43.093 is consistent with its plain language. But on review of a summary judgment order, we will rule only on issues presented to the superior court. RAP 9.12. And issues that have not been decided by a superior court are not ripe and are not properly before this court for review. *W.R. Grace & Co. v. Dep't of Revenue*, 137 Wn.2d 580, 592, 973 P.2d 1011, *cert. denied*, 528 U.S. 950 (1999); *Dep't of Ecology v. Acquavella*, 131 Wn.2d 746, 759-60, 935 P.2d 595 (1997). Because necessary parties were not joined, the superior court did not rule on the issue and we do not review it.

## II. Writ of Mandamus

The WSMA claims that the superior court erred when it denied its request for a writ of mandamus.[9] We hold that the superior court's denial of the writ was proper because the WSMA improperly sought to compel the Commissioner to perform a discretionary act and not merely a ministerial act.

Whether a superior court should have issued a writ of mandamus involves a question of law that we review de novo. *Land Title of Walla Walla, Inc. v. Martin*, 117 Wn. App. 286, 289, 70 P.3d 978 (2003). A party can seek a writ of mandamus from a superior court or the Supreme Court. CONST. art. IV, § 4. A writ is an extraordinary remedy, and a court should issue one only when there is no plain, speedy, and adequate remedy available in the ordinary course of law. *City of Kirkland v. Ellis*, 82 Wn. App. 819, 827, 920 P.2d 206 (1996); RCW 7.16.170. A court may issue a writ of mandamus to compel another to perform an act that the law especially enjoins as a duty resulting from an office. RCW 7.16.160. Whether a statute specifies a duty that the person must perform is a question of law. *River Park Square, LLC v. Miggins*, 143 Wn.2d 68, 76, 17 P.3d 1178 (2001). And, before a court may issue a writ, the applicant must

---

[9] The WSMA argues that the superior court erroneously dismissed the writ solely because it dismissed the declaratory judgment action. But the WSMA is incorrect. Although the superior court's written order is unclear, its oral ruling indicates that it found that the WSMA did not identify any specific enforcement provision that the Commissioner had a duty to employ. The superior court explained, "I cannot issue mandamus, because all that remains is a general request that the commissioner enforce the law. And without the specific law and the specific declaration in hand, the mandamus must be dismissed as well." VRP at 24. We have a duty to correctly apply the law and we can affirm the superior court's ruling on any correct ground. *King County v. Boundary Review Bd.*, 122 Wn.2d 648, 670, 860 P.2d 1024 (1993); *Nast v. Michels*, 107 Wn.2d 300, 308, 730 P.2d 54 (1986).

satisfy three elements "(1) the party subject to the writ is under a clear duty to act, RCW 7.16.160; (2) the applicant has no 'plain, speedy and adequate remedy in the ordinary course of law,' RCW 7.16.170; and (3) the applicant is 'beneficially interested' RCW 7.16.170." *Eugster v. City of Spokane*, 118 Wn. App. 383, 402, 76 P.3d 741 (2003), *review denied*, 151 Wn.2d 1027 (2004). The burden of proving these elements is demanding. *Eugster*, 118 Wn. App. at 403.

Applying the first element of this test, mandamus is appropriate only if the act to be done is ministerial, leaving nothing to the exercise of discretion or judgment. *SEIU Healthcare 775NW v. Gregoire*, 168 Wn.2d 593, 599, 229 P.3d 774 (2010); *Brown v. Owen*, 165 Wn.2d 706, 725 n.10, 206 P.3d 310 (2009). Mandamus will not lie to compel a discretionary act or to direct a state officer to generally perform his duties, constitutional, or otherwise. *Walker v. Munro*, 124 Wn.2d 402, 408, 879 P.2d 920 (1994). The law must be clear about the duty to act. *Eugster*, 118 Wn. App. at 404.

> Ordinarily, duty is a threshold element; if the claim is clear and the government entity has a duty to act, mandamus may be an appropriate remedy. If so . . . the question becomes whether the circumstances trigger the duty. Then, remedy is considered.
>
> Doubtful plaintiff rights do not justify a writ of mandamus. Mandamus writs should not be issued to direct a general course of conduct. Mandamus does not authorize a court "to assume general control or direction of official acts." "Instead, the remedy of mandamus contemplates the necessity of indicating the precise thing to be done."

*Eugster*, 118 Wn. App. at 404 (citations omitted). Further, an act of mandamus cannot lie to control discretion, only to require that discretion be exercised. *Eugster*, 118 Wn. App. at 405.

The WSMA argues that a writ of mandamus can be issued to order an agency to enforce a statute based on a correct interpretation of that statute. The WSMA relies on *Land Title*, but

*Land Title* does not support a writ's issuance here because the statute in *Land-Title* directed the county auditor to perform a very specific non-discretionary duty. 117 Wn. App. at 291.

In *Land Title*, a title company sought a writ of mandamus against the county auditor based on the auditor's failure to mail documents to a designated address after recording. *Land Title*, 117 Wn. App. at 288. The title company based its argument generally on chapter 65.04 RCW's statutory scheme and particularly on RCW 65.04.090. *Land Title*, 117 Wn. App. at 288. We determined that the county auditor did not have the discretion to act. *Land Title*, 117 Wn. App. at 291. Because the statute was nondiscretionary, it created a statutory duty for the county auditor to act a certain way regarding the method of returning documents after recording and a writ of mandamus was appropriate. *Land Title*, 117 Wn. App. at 291. Thus, *Land Title* is inapposite.

Here, the specific duty the WSMA asserts is the Commissioner's duty to enforce RCW 48.43.093. Br. of Appellant at 23. Although the Commissioner is generally required to enforce the insurance code's provisions under RCW 48.02.060(2)[10] and RCW 48.02.080[11] the WSMA

---

[10] RCW 48.02.060(2) provides, "The commissioner must execute his or her duties and must enforce the provisions of this code."

[11] RCW 48.02.080 provides:
> (1) The commissioner may prosecute an action in any court of competent jurisdiction to enforce any order made by him or her pursuant to any provision of this code.
> (2) If the commissioner has cause to believe that any person has violated any penal provision of this code or of other laws relating to insurance he or she shall certify the facts of the violation to the public prosecutor of the jurisdiction in which the offense was committed.
> (3) If the commissioner has cause to believe that any person is violating or is about to violate any provision of this code or any regulation or order of the commissioner, he or she may:
> (a) issue a cease and desist order; and/or

does not identify a specific enforcement provision that the Commissioner has a duty to employ in this situation. And the WSMA concedes that it does not seek an order that the Commissioner is required to take a specific action against any insurer. Further, the WSMA concedes that the Commissioner has discretion regarding what specific types of enforcement actions to take or not take. Writs are inappropriate to direct a general course of conduct. *Eugster*, 118 Wn. App. at 404.

Further, RCW 48.43.093 does not mandate the Commissioner to do a particular nondiscretionary act. In fact, it does not mandate that the Commissioner perform any specific act. RCW 48.43.093 provides, in pertinent part, "[A] health carrier shall cover emergency services necessary to screen and stabilize a covered person if a prudent layperson would have reasonably believed that use of a participating hospital emergency department would result in a delay that would worsen the emergency." RCW 48.43.093(1)(a). A duty, if this statute creates one, is not a Commissioner's duty but is a health carrier's duty because it is directed at the health carriers, requiring them to cover certain services.

A threshold issue in analyzing whether a writ of mandamus should issue is whether a clear duty to act exists, and because the WSMA has not isolated a clear duty to act, we do not

---

(b) bring an action in any court of competent jurisdiction to enjoin the person from continuing the violation or doing any action in furtherance thereof.
(4) The attorney general and the several prosecuting attorneys throughout the state shall prosecute or defend all proceedings brought pursuant to the provisions of this code when requested by the commissioner.

analyze the second[12] and third[13] elements from *Eugster*'s test. The superior court's denial of the writ was proper.[14]

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, A.C.J.

We concur:

Quinn-Brintnall, J.

Bjorgen, J.

---

[12] The second element is whether there is a plain, speedy, and adequate remedy in the ordinary course of the law left to the discretion of the court in which the proceeding is instituted; here, the superior court. *Eugster*, 118 Wn. App. at 403.

[13] The third element is whether the WSMA was beneficially interested and involves the concept of standing. *Eugster*, 118 Wn. App. at 403. The party seeking mandamus must have "an interest in the action beyond that shared in common with other citizens." *Retired Pub. Employees Council v. Charles*, 148 Wn.2d 602, 616, 62 P.3d 470 (2003).

[14] The WSMA also seems to ask this court to issue a writ of mandamus but this court does not have authority to do so.